PAUL L. REIN, Esq., (SBN 43053)
JULIE A. OSTIL, Esq., (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787

Attorneys for Plaintiffs
JANA OVERBO and
NICOLE BROWN-BOOKER

ORIGINAL FILED

OCT 19 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C07-05368 WDB

ADR

| | |
|---|---|
| JANA OVERBO and<br>николе BROWN-BOOKER,<br><br>Plaintiff,<br><br>v.<br><br>LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955,** *et seq.***); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiffs JANA OVERBO and NICOLE BROWN-BOOKER complain of defendants LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible facilities, to plaintiffs and other disabled persons, at the AMC Loews Metreon 16 IMAX at 101 4th Street in San Francisco, California 94103. Plaintiffs JANA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -1-      S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

OVERBO and NICOLE BROWN-BOOKER are each a "person with a disability" or "physically handicapped person," who requires the use of a motorized wheelchair for mobility, and is unable to use portions of public facilities which are not accessible to physically disabled persons who use a wheelchair. Plaintiffs were denied their rights to full and equal access at these facilities, and were denied their civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons, such as plaintiffs, including those who use wheelchairs, walkers, crutches, or other assistive devices. Plaintiffs seek injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible entry and accessible paths of travel, accessible seating, and other access as described herein. Plaintiffs also seek recovery of damages for their discriminatory experiences, and denial of access and denial of their civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiffs also seek recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; California Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1 and 55.

3. **VENUE:** Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES       -2-       S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

is located in this district and that plaintiffs' causes of action arose in this district.

4. **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiffs' causes of action arose in this intradistrict.

5. **PARTIES:** Plaintiffs are both "qualified" physically disabled persons for purposes of all federal and state statutory protections. Defendants LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive, are the owners, operators, lessors, and lessees of the AMC Loews Metreon 16 IMAX at 101 4th Street in San Francisco, California. Defendants are responsible for owning, operating, leasing, and maintaining all areas of the subject premises, each of which constitute public facilities and public accommodations. Each of the subject areas, premises, and facilities complained of herein is owned and/or leased and operated by the named defendants and is a "public facility" and "public accommodation" subject to the requirements of Title III of the Americans With Disabilities Act of 1990 and of California Health & Safety Code §§ 19955, *et seq.* and of California Civil Code §§ 51, 52, 54, 54.1 *et seq.* Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building and/or facility to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.* Such construction and alterations have also occurred since July 1, 1982, and also subject each such building and/or facility to requirements of California's Title 24, the State Building Code. Further, irrespective of the construction and alteration history, all such premises and facilities are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), per 42 U.S.C. 12181*ff*, and, as to construction and/or alteration since 1993, subject also to § 303 of the ADA [42 USC 12183].

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -3-        S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

6. The true names and capacities of Defendants DOES 1-10, Inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiffs; plaintiffs pray leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

7. Defendants LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive, are and were the owners, operators, lessors and/or lessees of the subject business, premises, facilities and property at times relevant to this Complaint. Plaintiffs are informed and believe that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY (California Health & Safety Code §§ 19955, *et Seq.*, Civil Code §§ 54*ff*)**

8. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 7, above, and incorporate them herein by reference as if separately repled hereafter.

9. Plaintiffs JANA OVERBO and NICOLE BROWN-BOOKER and other similarly situated physically disabled persons, including those who require the use of a wheelchair, walker, crutches, cane or other assistive device, are unable to use public facilities on a "full and equal" basis unless each such facility

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -4-   S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10. Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the multiple public facilities and public accommodations which are located within the property owned and operated by defendants. Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each construction and/or alteration which occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out construction and/or alterations, structural repairs, or additions to the subject premises, facilities, and buildings during the period Title 24 has been in effect.

11. **FACTUAL STATEMENT:** On or about the first week of January, 2006, plaintiff Nicole Brown-Booker, in her motorized wheelchair, went to the AMC Loews Metreon 16 IMAX theater complex to see "Memoirs of a Geisha" with her companion, Darcy Ing. Her friend had already purchased a ticket, but plaintiff Brown-Booker had not. The staff refused to sell her a ticket because the show was "sold out." She asked the clerk to check and see if the designated wheelchair seating was occupied, because, regardless of whether fixed seating was sold out, she would sit in the designated area for wheelchairs. Although plaintiff was initially told that the designated wheelchair area was empty, defendants refused to sell her a ticket. When plaintiff protested, she was sent to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -5-          S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

speak to a manager on the second floor. When plaintiff entered the elevator, she discovered that she was unable to push the buttons on the elevator because they were out of her reach. However, plaintiff was assisted in using the elevator by her able-bodied companion. When she reached the second floor the manager agreed to sell her a ticket, but required that plaintiff go back downstairs to purchase the ticket, and then come back up to the theater, and, as a result plaintiff ended up missing the first five minutes of the movie. Because there were no designated companion seats available, and a portable seat for her companion was not offered by defendants, plaintiff was not able to sit near her friend.

12. On or about July 1, 2006, plaintiff Nicole Brown-Booker went to the AMC Loews Metreon 16 IMAX with her friend, co-plaintiff Jana Overbo, to see a movie. The only "wheelchair" seating area offered was in the very front and toward the side of the theater, which made it hard for the two women to see the screen. They had to tilt their chairs back and crane their necks to view the screen, and as a result suffered pain and discomfort, including stiff necks. They also found that sitting in this location, so close to the screen, made them feel dizzy. In addition, the designated "accessible" seating was improperly too narrow for two wheelchair users to comfortably sit side-by-side. (On information and belief, this lack of sufficient space for proper and legally required numbers of accessible seating areas in existent numerous other seating areas of the theaters.) Later, plaintiff Brown-Booker tried to wash her hands in the restroom but she could not reach the sink because she could not fit her wheelchair underneath the sink. She was also unable to reach the paper towel dispenser because a garbage can blocked the dispenser, and the dispenser was mounted too high for disabled use. She had to ask another customer to dampen a paper towel for her so that she could wipe her hands. On information and belief, this and the other public restrooms in the theater complex lack other fully compliant disability access features.

13. On or about the last week of December, 2006, Nicole Brown-Booker

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -6-    S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

1 wanted to invite a friend to the movies, but she was deterred from doing so
2 because of her prior experience of access problems at the Metreon. Plaintiff
3 Brown-Booker has been personally deterred from going to the Metreon and has
4 been deterred from bringing friends to theAMC Loews Metreon 16 with IMAX
5 on this and other occasions because of her fear that she would be embarrassed to
6 be denied access to the facilities there because of the limited wheelchair and
7 companion seating, and to have that happen in front of friends who might
8 accompany her.

9     14. On or about January, 2007 Nicole Brown-Booker took her eight-
10 year-old nephew, Shawn Stewart, to see "Happy Feet." When she went up to the
11 counter to purchase the tickets, she had to ask her nephew for help because the
12 woman selling the tickets could not reach plaintiff Brown-Booker or other
13 wheelchair users over the high counter. Although plaintiff Brown-Booker saw a
14 nearby lowered section of the counter, it appeared to be used for storage and was
15 blocked by boxes. Once inside the theater, plaintiff Brown-Booker visited the
16 refreshments stand with her nephew and bought a popcorn, large soda, and candy
17 for them to share. However, plaintiff was unable to physically reach the
18 refreshments she had purchased because they were placed on a high counter and
19 the clerk did not provide service on the lowered portion of the counter. When
20 plaintiff Brown-Booker and her nephew finally entered the theater, they found
21 that the only wheelchair accessible theater seating was at the very front of the
22 theater. Because plaintiff's eight year old nephew said he could not see if he had
23 to sit so close to the screen, he ended up sitting four rows behind plaintiff.
24 Plaintiff Brown-Booker, responsible for her nephew's care, was upset that she
25 could not sit with her nephew; because she was worried about him sitting alone,
26 plaintiff kept looking back to check on him throughout the movie. She was also
27 upset that she was unable to share the popcorn and soda with him during the
28 movie.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-   S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

15. On or about May 12, 2007, plaintiffs Nicole Brown-Booker and Jana Overbo went to theAMC Loews Metreon 16 IMAX together to see a movie. They went to the concessions stand to order refreshments. Part of the concessions stand is equipped with a lowered counter, but the employee did not use it to assist plaintiff Brown-Booker, even though the lowered area was open. On information and belief, this was because defendants did not properly train their employees in proper service practices to accommodate the needs of physically disabled persons. Once plaintiff Brown-Booker had placed her order, she asked the concessions clerk to come out from behind the counter to hand her the food, because plaintiff could not reach the food on the high counter. She asked three times but the clerk refused. Finally another customer took the food from the clerk and handed it to plaintiff Brown-Booker.

16. On information and belief, and based on a preliminary investigation by plaintiffs' representatives, the physical property owned and operated by defendants and each of them was also constructed and maintained in an inaccessible condition for use by physically disabled persons with regard to a number of features which may adversely affect plaintiffs, both wheelchair users, whenever they may attempt to patronize the Metreon and its multiple theaters in the future, including but not limited to the lack of properly located and accessible seating in each of the theaters, including the IMAX theater, inaccessible concessions stands, and inaccessible public restroom facilities. Defendants also have an obligation to provide accessible seating and companion seating in a variety of locations, and to train their staff with regard to proper policies and procedures in accommodating physically disabled persons.

17. While there is *possible* disabled seating in the rear of certain theaters, most or all of these seating areas can only be entered through an "exit" door with no exterior handles or signs allowing public entry. Further, a planned system of policy changes, placement of informational signs, training of staff, signage

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -8- S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

designating areas for wheelchair seating with available movable chairs for companion seating, and arrangements for defendants' staff to promptly assist disabled wheelchair users in entry and location of seats in each theater, would be needed to make these areas usable by disabled persons who cannot climb stairs. There is currently no accessible route in each theater to reach these upper level seating areas for persons who enter through the public entrances, at the front row level. Further, while there are certain areas in certain theaters that could be used by disabled wheelchair users, even those areas are not marked or designated for wheelchair use, nor do they have available moveable chairs for companion seating. Also, certain theaters may apparently have top row seating accessed by mechanical lifts, but these lifts are not properly signed, not independently operable, and, on information and belief, disabled usage of these lifts is not properly facilitated by policies for signage, notice, and programmatic assistance. On information and belief, all or nearly all theaters lack properly located disabled seating and most theaters also lack the required number of wheelchair user and companion seats, per California Title 24 and federal ADAAG requirements.

18. These public facilities are all inaccessible to persons with disabilities, and will continue to be inaccessible in the future unless changed and improved in multiple aspects, all rendering these premises inaccessible to and unuseable by physically disabled persons. All areas complained of are common public facilities open to use by all members of the public. All facilities must be brought into compliance with all applicable federal and state code requirements.

19. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54(c), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

20. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §§ 54.3 and 55.

21. **INJUNCTIVE RELIEF:** Plaintiffs seek injunctive relief to prohibit the acts and omissions of defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding plaintiffs and other members of the public who are physically disabled, including those who use wheelchairs, walkers, canes, prosthetic devices or crutches, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of plaintiffs in that these actions continue to treat plaintiffs as inferior and second class citizens and serve to discriminate against them on the sole basis that they are each a person with a disability who requires the use of a wheelchair for movement in public places. Plaintiffs are unable, so long as such acts and omissions of defendants continue, to achieve full and equal access to and use of these public facilities, and are deterred from using these facilities until they are made properly accessible to disabled persons. Plaintiffs allege that they intend, once legally required access has been provided, to return to and make use of these facilities. The acts of defendants have proximately caused and will continue to cause irreparable injury to plaintiffs if not enjoined by this Court.

22. Wherefore plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiffs in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

persons. Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law. Plaintiffs further request that the Court award damages pursuant to Civil Code §54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

23. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiffs suffered violation of their civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, and physical, mental and emotional injuries, all to their damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiffs on the sole basis that each plaintiff is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons. On information and belief, plaintiffs have been denied access on a continuing and day-to-day basis since January, 2006, and will continue to be denied access until proper access is provided.

24. **TREBLE DAMAGES :** All of those defendants who owned and/or operated the facilities as of the date of plaintiffs' visits, including but not limited to on or about January 2006, July 2006, December 2006, January 2007, and May 12, 2007, and at all times since those dates, have knowingly continued to maintain inaccessible premises despite actual and implied knowledge that their premises were illegally inaccessible. Such defendants are responsible for treble damages per California Civil Code § 54.3, three times "actual" damages, including general damages and damages for physical, mental and emotional injuries, because they

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -11-   S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

continued to deny access for an extended period of time despite actual or implied knowledge that they were denying access to physically disabled persons.

25.  **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Health & Safety Code §19953 *ff*. Additionally, plaintiffs' lawsuit is intended to require that defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure §1021.5 and other applicable law.

Wherefore plaintiffs pray for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF UNRUH CIVIL RIGHTS ACT
CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
ON THE BASIS OF DISABILITY**

26.  Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporate them herein by reference as if separately repled hereafter.

27.  At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Per §51(f),

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -12-        S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

28. Plaintiffs suffered damages as above described as a result of defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code §52(a) provides that each such violation entitles plaintiffs to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiffs pray for damages and injunctive relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

29. Plaintiffs replead and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporate them herein as if separately repled.

30. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." Presidential proclamation since then have placed the number of disabled persons protected by the ADA at more than 50 million persons. Yet many large public accommodations are still illegally inaccessible to physically disabled persons despite the passage of more than 17 years under the ADA.

31. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

32. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject properties and facilities are among the "private entities" which are considered "public accommodations" for purposes of this title, including, per § 301(7)(C), any "... motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment".

33. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -14-     S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

34. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff.*

35. As an alternative basis for liability, the removal of each of the barriers complained of by plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

law. Further, on information and belief, construction, alterations, structural repairs and/or additions during and since the year 1993 have independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA [42 USC 12183], as well as per California Health and Safety Code §19959.

36. On information and belief, as of the date of plaintiffs' 2006 and 2007 encounters at the subject premises and facilities, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiffs and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which discriminated against plaintiffs on the basis of their disability, thus wrongfully denying to plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182.

37. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, plaintiff are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that they are about to be subjected to discrimination in violation of §302 and §303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiffs and other disabled persons access to this public accommodation since on or before plaintiffs' encounters as previously discussed. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

38. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -16-        S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiffs are each a qualified disabled person for purposes of §308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to use the premises in the future.

Wherefore plaintiffs pray for relief as hereinafter stated.

## PRAYER

Plaintiffs pray that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises hereinabove described to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; adopt proper policies and procedures to ensure provision of full and equal access to physically disabled persons; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiffs and similarly situated persons with disabilities, and facilities and policies which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiffs all appropriate damages, including but not limited to statutory damages, general damages and treble damages, in amounts within the jurisdiction of the Court, all according to proof;

4. Award to plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -17-    S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd

5. Award prejudgment interest pursuant to Calif. Civil Code § 3291; and,

6. Grant such other and further relief as this Court may deem just and proper.

Dated: October 19, 2007

PAUL L. REIN
JULIE A. OSTIL
ANN WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiffs
JANA OVERBO and
NICOLE BROWN-BOOKER

## DEMAND FOR JURY

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: October 19, 2007

PAUL L. REIN
JULIE A. OSTIL
ANN WINTERMAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiffs
JANA OVERBO and
NICOLE BROWN-BOOKER

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -18-    S:\SLR\METREON\PLEADINGS\METREON.CMP.wpd