Thomas J. Leanse (Cal. Bar No. 84638)
Thomas.Leanse@kattenlaw.com
Helen M. Cho (Cal. Bar No. 248290)
Helen.Cho@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant WESTFIELD, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA OVERBO and NICOLE BROWN-BOOKER<br><br>Plaintiffs,<br><br>vs.<br><br>LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive<br><br>Defendants. | CASE NO. 4:07-cv-05368<br><br>**Assigned to Hon. Judge Wayne D. Brazil**<br><br>**DEFENDANT WESTFIELD, LLC AMENDED ANSWER TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES** |

Defendant WESTFIELD LLC ("Westfield" or "Defendant"), formerly known as Westfield Corporation, answering Plaintiff's complaint ("Complaint") on file in Case No. 4:07-cv-05368, for itself and for no other defendants, hereby admits, denies and alleges as follows:

### INTRODUCTION

1.  Defendant admits this case involves the alleged denial of accessible facilities to Plaintiffs at the AMC Loews Metreon 16 IMAX Theatre at 101 4th Street in San Francisco, California 94103 (the "Premises"). Defendant denies that the facilities were not and currently are not properly accessible to physically disabled persons including Plaintiffs. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

DEFENDANT WESTFIELD, LLC, AMENDED ANSWER TO COMPLAINT, CASE NO. 4:07-cv-05368

1. other allegations contained in paragraph 1 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

## JURISDICTION

2. Defendant admits that this Court has subject matter jurisdiction over this action so long as Plaintiffs maintain a claim pursuant to the Americans with Disabilities Act. Defendant denies that supplemental jurisdiction is appropriate as to the claims under California Government Code § 4450, *et. seq.*; California Health & Safety Code § 19955, *et. seq.*; Title 24 California Code of Regulations; and California Civil Code §§ 51 to 55. Except as admitted herein, Defendant denies each and every other allegation contained in paragraph 2 of the Complaint.

## VENUE

3. Based on the allegations in the Complaint, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. 1391(b). Except as admitted herein, Defendant denies each and every other allegation contained in paragraph 3 of the Complaint.

## INTRADISTRICT

4. Based on the allegations in the Complaint, Defendant admits that the case may properly be assigned to the San Francisco/Oakland intradistrict. Except as admitted herein, Defendant denies each and every other allegation contained in paragraph 4 of the Complaint.

## PARTIES

5. Defendant denies that it is responsible for owning, operating, and maintaining the Premises. Defendant admits that the Premises is a place of public accommodation. Defendant denies that it is responsible for owning, operating, leasing, and maintaining all areas of the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 5 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 6 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

7. Defendant denies each and every allegation contained in paragraph 7 of the Complaint.

### FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY
(California Health & Safety Code §§ 19955, *et. seq.*, Civil Code §§ 54*ff*)

8. In response to paragraph 8 of the Complaint, Defendant incorporates herein the prior responses of this Answer.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies each and every allegation contained in said paragraph.

10. Defendant admits the provisions of Health and Safety Code §§ 19955 and 19955.5, apply to the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 10 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

### FACTUAL STATEMENT

11. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

12. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant denies that the restroom facilities at the Premises are not in compliance with disability access requirements. Defendant denies that wheelchair accessible seating was not compliant with disability access requirements. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 12 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

13. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 13 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

14. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph

15. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant denies that its employees at the Premises were trained improperly regarding proper service practices to accommodate the needs of physically disabled persons. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 15 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

16. Defendant denies that the Premises was constructed and maintained in an inaccessible condition for use by physically disabled persons. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 16 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

17. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 17 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

18. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 18 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

19. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises in violation of the Americans With Disabilities Act. Defendant denies that barriers, violations, accessibility, or accommodation issues exist at the Premises in violation of California Civil Code § 54(c). Defendant lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 19 of the Complaint, and on that basis denies each and every other allegation contained in said paragraph.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

### INJUNCTIVE RELIEF

21. Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

### DAMAGES

23. Defendant denies each and every allegation contained in paragraph 23 of the Complaint.

### TREBLE DAMAGES

24. Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

### SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52. ON THE BASIS OF DISABILITY

26. In response to paragraph 26 of the Complaint, Defendant incorporates herein the prior responses of this Answer.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits the quoted content of California Civil Code § 52(a) in paragraph 28 of the Complaint. Except as admitted herein, Defendant denies each and every other allegation contained in paragraph 28 of the Complaint.

### THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101*FF*

29. In response to paragraph 29 of the Complaint, Defendant incorporates herein the prior responses of this Answer.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in paragraph 37 of the Complaint..

38. Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

39. As a first separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that the Complaint and each cause of action therein fail to state a claim upon which relief may be granted against this answering Defendant.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

40. As a second separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that the actions of Defendant were justified.

## THIRD AFFIRMATIVE DEFENSE

41. As a third separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs are barred from obtaining any relief whatsoever under the Complaint by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

42. As a fourth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs should be estopped from pursuing some or all of their claims as a result of their actions.

## FIFTH AFFIRMATIVE DEFENSE

43. As a fifth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Defendant and its agents acted reasonably and in good faith at all times material herein, based upon all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs are barred from any recovery.

## SIXTH AFFIRMATIVE DEFENSE

44. As a sixth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Defendant did not deny Plaintiffs any opportunity to enjoy Defendant's goods or services as a result of any alleged disability as defined under 42 U.S.C. Section 12102, *et. seq.*

## SEVENTH AFFIRMATIVE DEFENSE

45. As a seventh separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs' requested accommodations would result in the fundamental alteration of its goods, services, and/or activities.

///

///

///

### EIGHTH AFFIRMATIVE DEFENSE

46. As an eighth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs' requested accommodations are not necessary and/or reasonable.

### NINTH AFFIRMATIVE DEFENSE

47. As a ninth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs' requested accommodations are not readily achievable.

### TENTH AFFIRMATIVE DEFENSE

48. As a tenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiffs' requested accommodations would result in an undue burden.

### ELEVENTH AFFIRMATIVE DEFENSE

49. As an eleventh separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any injuries and damages, if any, allegedly sustained by Plaintiff were not the result of any acts, omissions or other conduct of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

50. As a twelfth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any and all injuries and damages, if any, allegedly sustained by Plaintiff were proximately caused and contributed to by the negligence and/or actions of persons other than Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

51. As a thirteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that the Complaint and each cause of action therein is barred in whole or in part by the applicable statute of limitations.

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

52. As a fourteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any and all damages that may be awarded to Plaintiffs may be the sole responsibility of co-defendant, Loews California Theatres ("Loews"), based upon express indemnity provisions provided by the contract between Loews and Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

53. As a fifteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any and all damages that may be awarded to Plaintiffs may be the sole responsibility of co-defendant, Loews, based upon the theory of equitable indemnity.

### SIXTEENTH AFFIRMATIVE DEFENSE

54. As a sixteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any and all damages that may be awarded to Plaintiffs may be the sole responsibility of co-defendant, Loews, based upon the theory of equitable contribution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

55. As a seventeenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that the Complaint fails to join necessary and indispensable parties to this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

56. As an eighteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that any and all damages that may be awarded to Plaintiffs may be the sole responsibility of parties not named in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

57. As a nineteenth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that the Plaintiffs are not entitled to recover damages

under California Code of Civil Procedure § 1021.5 because Plaintiffs failed to provide proper notice prior to filing this lawsuit.

### TWENTIETH AFFIRMATIVE DEFENSE

58. As a twentieth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant reserves its right to assert additional affirmative defenses in the event that discovery reveals that additional affirmative defenses are available to them.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That Defendants be awarded its costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

Dated: November 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Thomas J. Leanse
Helen M. Cho


_/s/ Thomas J. Leanse_
Attorney for Defendant
WESTFIELD LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On November 21, 2007, I served the following document:

**DEFENDANT WESTFIELD CORPORATION AMENDED ANSWER TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**

|   | |
|---|---|
|   | **FACSIMILE:** I sent such document from facsimile machine 310.788.4471 on November 21, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. |
| X | **MAIL:** by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
|   | **FEDEX:** by placing the document listed above in a sealed FEDEX envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a FEDEX agent for delivery to the person(s) at the address(es) set forth below. |
|   | **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed below at their most recent e-mail of record |

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 21, 2007, at Los Angeles, California.

/s/
Kathleen Beaver

31406116

1

**SERVICE LIST**

2

| | |
|---|---|
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR LOEWS** |
| Ann Michele Winterman, Esq. | Sara Gillian Noel, Esq. |
| Julie Ostil, Esq. | Akin Gump Strauss Hauer & Feld LLP |
| Paul Leslie Rein, Esq. | 580 California Street, Suite 1500 |
| Law Offices of Paul L. Rein | San Francisco, CA 94104 |
| 200 Lakeside Drive, Suite A | |
| Oakland, CA 94612 | |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28