| | |
|---|---|
| 1 | Thomas J. Leanse (Cal. Bar No. 84638) |
| | Thomas.Leanse@kattenlaw.com |
| 2 | Helen M. Cho (Cal. Bar No. 248290) |
| | Helen.Cho@kattenlaw.com |
| 3 | **KATTEN MUCHIN ROSENMAN LLP** |
| | 2029 Century Park East |
| 4 | Suite 2600 |
| | Los Angeles, CA 90067-3012 |
| 5 | Telephone:  310.788.4400 |
| | Facsimile:  310.788.4471 |
| 6 | |
| | Attorneys for Defendant and Cross-Claimant |
| 7 | WESTFIELD, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANA OVERBO and NICOLE BROWN-BOOKER | ) ) ) | CASE NO. 4:07-CV-05368 |
| Plaintiffs, | ) ) | AMENDED CROSS-CLAIM OF DEFENDANT WESTFIELD, LLC |
| vs. | ) ) | AGAINST LOEWS CALIFORNIA THEATRES, INC., DBA AMC LOEWS |
| LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1-10, Inclusive | ) ) ) ) ) | METREON 16 IMAX FOR: 1) BREACH OF LEASE 2) DECLARATORY RELIEF 3) CONTRACTUAL INDEMNITY 4) TOTAL EQUITABLE INDEMNITY |
| Defendant. | ) ) | |
| WESTFIELD, LLC | ) ) | |
| Cross-Claimant, | ) ) | |
| vs. | ) ) | |
| LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX, | ) ) ) | |
| Cross-Defendant. | ) ) ) | |

Defendant and Cross-Claimant Westfield LLC, a Delaware limited liability company ("Westfield" or "Cross-Claimant"), complains and alleges as follows:

///

///

///

## JURISDICTION AND VENUE

1. This is a cross-claim for breach of lease, declaratory relief, contractual indemnity and total equitable indemnity brought pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the events and wrongful acts giving rise to the claims asserted herein occurred in this district, and the property that is the subject of this cross-claim is situated in this judicial district.

## THE PARTIES

3. Defendant and Cross-Claimant Westfield is, and at all times herein mentioned was, a Delaware limited liability company authorized to do business in California.

4. Cross-Claimant is informed and believes, and on that basis alleges, that at all times herein mentioned Defendant and Cross-Defendant Loews California Theatres, Inc., dba AMC Loews Metreon 16 Imax ("Loews" or "Cross-Defendant") is and was a New York corporation organized and existing under the laws of the State of New York.

5. Cross-Claimant is informed and believes that Cross-Defendant has exclusive control and use of the facility known as AMC Loews Metreon 16 Imax Theater located at 101 4th Street in San Francisco, California 94103 (the "Premises").

6. Cross-Claimant is further informed and believes, and on that basis alleges, that Loews is the lessee of the Premises.

7. Cross-Complainant is further informed and believes, and on that basis alleges, that Loews is the original lessee under a written lease agreement (the "Lease") dated May 9, 1997.

8. Cross-Claimant is further informed and believes, and on that basis alleges, Loews, as lessee and tenant is in exclusive control and possession of the Premises.

## FIRST CLAIM FOR RELIEF
## BREACH OF LEASE

9. Cross-Claimant refers to, alleges, and incorporates by reference herein Paragraphs 1 through 8, inclusive, of this cross-claim.

///

///

10. Among other things, as part of the Lease, Cross-Defendant agreed to maintain the Premises in accordance with all applicable laws and regulations; and make all necessary repairs, replacements and improvements to the Premises.

11. Cross-Defendant agreed as part of the Lease to install and maintain certain service counters at the Premises in a manner compliant with all applicable laws and regulations.

12. Cross-Defendant further agreed as part of the Lease to hold harmless and indemnify Cross-Claimant in any cause of action related to the Premises.

13. Except as excused by law or the conduct of Cross-Defendant, Cross-Claimant has performed all the terms, covenants and conditions required of it by the Lease.

14. To the extent that Plaintiffs Jana Overbo and Nicole Brown-Booker's ("Plaintiffs") allegations can be proven, Cross-Defendant breached its duty under the Lease in that it failed and neglected to perform its contractual obligation to construct portions of the Premises and maintain the Premises in accordance with all applicable laws and regulations; and make all necessary repairs, replacements and improvements to the Premises so that it complies with all applicable laws and regulations.

15. Cross-Defendant had and continues to have an obligation to ensure that the Premises and all parts therein comply at all times with applicable statutes, regulations and ordinances, including, but not limited to, the provisions of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*; California Civil Code sections 51, 52, 53, and 54; California Health & Safety Code sections 19955 to 19959, *et seq.*; and Title 24, California Code of Regulations (collectively, the "Laws").

16. To the extent Cross-Claimant has suffered or will suffer damage as a result of the breach of the Lease by Cross-Defendant, Cross-Claimant is entitled to damages according to proof.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

17. Cross-Claimant refers to, alleges, and incorporates by reference herein Paragraphs 1 through 16, inclusive, of this cross-claim.

///

18. An actual controversy has arisen and now exists between Cross-Claimant and Cross-Defendant concerning their respective rights and duties under the terms of the Lease, in that Cross-Claimant contends:

(a) Cross-Defendant was, and is, responsible for ensuring that the Premises are compliant with the Laws.

(b) Cross-Claimant was, and is, responsible for ensuring the Premises is operated in compliance with the Laws.

(c) Cross-Defendant was, and is, responsible for holding harmless and indemnifying Cross-Claimant in any legal action related to the Premises.

19. Cross-Claimant desires a judicial declaration that the Lease does not confer upon it the obligation to ensure that the Premises are compliant with the Laws.

20. Cross-Claimant also seeks a judicial declaration that Cross-Defendant is, and at all times relevant herein was, responsible for ensuring that the Premises is compliant with the Laws.

21. Cross-Claimant further desires a judicial declaration that Cross-Defendant must hold harmless and indemnify Cross-Claimant in this action.

22. A judicial declaration is necessary and appropriate so that the parties may determine their rights and duties under the terms of the Lease.

### THIRD CLAIM FOR RELIEF
### CONTRACTUAL INDEMNITY

23. Cross-Claimant refers to, alleges, and incorporates by reference herein Paragraphs 1 through 22, inclusive, of this cross-claim.

24. Cross-Claimant is informed and believes, and thereon alleges, the incidents, injuries and damages alleged in this case occurred as a direct, proximate and sole result of the acts, omissions, negligence, carelessness, unlawful conduct and/or intentional conduct of Cross-Defendant.

25. In the event any party to this action should establish any liability on the part of Cross-Claimant, Cross-Defendant has a contractual obligation to indemnify Cross-Claimant as set forth in the Lease.

26. Cross-Claimant is entitled to indemnification from Cross-Defendant for all other recoverable fees, expenses and costs in defending this action and in prosecuting this cross-claim.

## FOURTH CLAIM FOR RELIEF
## TOTAL EQUITABLE INDEMNITY

27. Cross-Claimant refers to, alleges, and incorporates by reference herein Paragraphs 1 through 26, inclusive, of this cross-claim.

28. Cross-Claimant was in no way at fault for the injuries and/or damages alleged in this action, and if in fact Cross-Claimant is held liable for any alleged injuries and/or damages in this action, said liability will be attributable to the direct and primary acts and/or omissions of Cross-Defendant as set forth herein, and that by reason of the foregoing facts, Cross-Claimant will be entitled to total equitable indemnification and contribution from Cross-Defendant in any amount for which Cross-Claimant is held liable.

## PRAYER

WHEREFORE, Cross-Claimant prays for judgment against Cross-Defendant as follows:

ON THE FIRST CLAIM FOR RELIEF

1. For a judicial declaration that, pursuant to the specific terms of the Lease between Westfield and Cross-Defendant, Cross-Defendant had, and continues to have, the sole obligation to maintain and operate the Premises in compliance with the Laws;

2. That Cross-Claimant be awarded any and all damages that result from or arise out of the breach of the Lease by the Cross-Defendants.

ON THE SECOND CLAIM FOR RELIEF

1. For a judicial declaration that the Lease does not confer upon the Cross-Claimant the obligation to ensure the Premises is in compliance with the Laws;

2. For a judicial declaration that Cross-Defendant was and is responsible for ensuring the Premises is compliant with the Laws;

3. For a judicial declaration that Cross-Defendant had and continues to have a contractual and equitable obligation to hold harmless and indemnify Cross-Claimant in this action.

///

ON THE THIRD CLAIM FOR RELIEF

1. That Cross-Defendant be required to indemnify Cross-Claimant for all damages and liabilities that result from the breach of the Lease by Cross-Defendant as set forth in the Lease;

2. That Cross-Claimant be awarded indemnification from Cross-Defendant for all other recoverable fees, expenses, and costs in defending this action and in prosecuting this cross-claim.

ON THE FOURTH CLAIM FOR RELIEF

1. That Cross-Claimant be awarded equitable indemnification and contribution from Cross-Defendant in the amount for which Cross-Claimant is held liable;

2. That Cross-Claimant be awarded total indemnification and contribution from Cross-Defendant for all other recoverable fees, expenses, and costs in defending this action and in prosecuting this cross-claim.

ON ALL CLAIMS FOR RELIEF

1. For interest as allowed by law;

2. For costs of suit and attorneys' fees as incurred herein; and

3. For such other and further relief as the Court deems just and proper.


Dated: November 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Thomas J. Leanse
Helen M. Cho


/s/ Thomas J. Leanse
Attorney for Defendant
WESTFIELD LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                                              ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On November 21, 2007, I served the following document:

**AMENDED CROSS-CLAIM OF DEFENDANT WESTFIELD, LLC AGAINST DEFENDANT LOEWS CALIFORNIA THEATRES, INC. DBA AMC LOEWS METREON 16 IMAX FOR (1) BREACH OF LEASE (2) DECLARATORY RELIEF (3) CONTRACTUAL INDEMNITY (4) TOTAL EQUITABLE INDEMNITY**

|   |   |
|---|---|
|   | **FACSIMILE:** I sent such document from facsimile machine 310.788.4471 on November 21, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. |
| X | **MAIL:** by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
|   | **FEDEX:** by placing the document listed above in a sealed FEDEX envelope and affixing a pre-paid air bill and causing the envelope to be delivered to a FEDEX agent for delivery to the person(s) at the address(es) set forth below. |
|   | **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed below at their most recent e-mail of record |

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

( ) **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(X) **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 21, 2007, at Los Angeles, California.

/s/
_____
Kathleen Beaver

31406116

**SERVICE LIST**

**ATTORNEYS FOR PLAINTIFFS**
Ann Michele Winterman, Esq.
Julie Ostil, Esq.
Paul Leslie Rein, Esq.
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612

**ATTORNEYS FOR LOEWS**
Sara Gillian Noel, Esq.
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104