AKIN GUMP STRAUSS HAUER & FELD LLP
LAURA M. FRANZE (SBN 250316)
lfranze@akingump.com
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
Telephone: 214-969-2800
Facsimile: 214-969-4343

AKIN GUMP STRAUSS HAUER & FELD LLP
SARA G. NOEL (SBN 226764)
sgnoel@akingump.com
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone: 415-765-9500
Facsimile: 415-765-9501

Attorneys for Defendant
AMC MULTI-CINEMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA OVERBO and<br>NICOLE BROWN-BOOKER,<br><br>          Plaintiffs,<br><br>     v.<br><br>LOEWS CALIFORNIA THEATRES, INC.<br>dba AMC LOEWS METREON 16 IMAX;<br>WESTFIELD CORPORATION; and DOES<br>1 through 10, inclusive,<br><br>          Defendants. | Case No. C07-05368 WDB<br><br>DEFENDANT'S ANSWER TO<br>PLAINTIFFS' COMPLAINT<br><br>Date Action Filed: Oct. 19, 2007<br><br>Magistrate Judge Wayne D. Brazil |

Defendant AMC Multi-Cinema, Inc. ("Defendant" or "AMC") (incorrectly named as Loews California Theatres, Inc.), for itself alone and for no other defendant, hereby answers the complaint ("Complaint") filed by Plaintiffs Jana Overbo and Nicole Brown-Booker ("Plaintiffs") as follows:

**INTRODUCTION**

1.       Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the movie theatre multiplex in question is located

1
DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

at 101 4th Street, San Francisco, California 94103 (the "Multiplex"). To the extent a further response is required, Defendant denies all remaining allegations.

## JURISDICTION

2.  Paragraph 2 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over Plaintiffs' claim arising under the federal Americans with Disabilities Act pursuant to the statutes recited in Paragraph 2. Defendant denies that the Court has supplemental jurisdiction over Plaintiffs' state law claims.

## VENUE

3.  Paragraph 3 consists of legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to base venue on the statute identified in Paragraph 3. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegation in Paragraph 3 and, on that basis, denies it.

## INTRADISTRICT

4.  Paragraph 4 consists of legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to base venue on the statute identified in Paragraph 4. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegation in Paragraph 4 and, on that basis, denies it.

## PARTIES

5.  Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is a lessee of the Multiplex located at 101 4th Street, San Francisco, California 94103. Defendant further admits that Plaintiffs purport to cite to portions of Title III of the Americans with Disabilities Act, the California Health & Safety Code, and California Civil Code §§ 51, 52, 54, and 54.1, and Defendant denies that it violated these or any other statutes. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 5, and, on that basis, denies them.

6.  Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 and, on that basis, denies them.

7.   Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is a lessee of the Multiplex located at 101 4th Street, San Francisco, California 94103. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 7, and, on that basis, denies them.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
**(California Health & Safety Code §§ 19955, *et seq.*, Civil Code §§ 54*ff*)**

8.   In response to Paragraph 8, Defendant incorporates by reference herein its responses to Paragraphs 1 through 7, inclusive.

9.   Paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the California Health & Safe Code, and Defendant denies that it violated this or any other state statute. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 9, and, on that basis, denies them.

10.   Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the California Health & Safe Code, and Defendant denies that it violated this or any other state statute.

**FACTUAL STATEMENT**

11.   Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 and, on that basis, denies them.

12.   Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 and, on that basis, denies them.

13.   Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 and, on that basis, denies them.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 and, on that basis, denies them.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 15 and, on that basis, denies them.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 and, on that basis, denies them.

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 and, on that basis, denies them.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 and, on that basis, denies them.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of California Civil Code §§ 54(c), 54.3, and 55, and Defendant denies that it violated these or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 19, or to any relief at all.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of California Civil Code §§ 54.1(d), 54.3, and 55, and Defendant denies that it violated these or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 20, or to any relief at all.

**INJUNCTIVE RELIEF**

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as

to the allegations contained in Paragraph 21 and, on that basis, denies them. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 21, or to any relief at all.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of the California Health & Safety Code, California Civil Code §§ 54.3 and 55, and California Code of Civil Procedure § 1021.5, and Defendant denies that it violated these or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 22, or to any relief at all.

### DAMAGES

23. Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of California Civil Code §§ 54, 54.1, and 54.3, and Defendant denies that it violated these or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 23, or to any relief at all. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 23, and, on that basis, denies them.

### TREBLE DAMAGES

24. Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of California Civil Code § 54.3, and Defendant denies that it violated these or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 24, or to any relief at all. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 24, and, on that basis, denies them.

### FEES AND COSTS

25. Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of the California Health & Safety Code, California Civil Code §§ 54.3 and 55, and California Code of Civil Procedure § 1021.5, and Defendant denies that it violated these or any other state statute. Defendant

further denies that Plaintiffs are entitled to the relief identified in Paragraph 25, including fees and costs, or to any relief at all.

**SECOND CAUSE OF ACTION: VIOLATION OF UNRUH CIVIL RIGHTS ACT CALIFORNIA CIVIL CODE SECTIONS 51 AND 52, ON THE BASIS OF DISABILITY**

26. In response to Paragraph 26, Defendant incorporates by reference herein its responses to Paragraphs 1 through 25, inclusive.

27. Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Unruh Civil Rights Act, California Civil Code §§ 51(b), (f), and Defendant denies that it violated this or any other state statute.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite portions of the Unruh Civil Rights Act, California Civil Code §§ 51(b), (f), and California Civil Code § 52(a), and Defendant denies that it violated this or any other state statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 28, or to any relief at all.

**THIRD CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 U.S.C. § 12101*FF***

29. In response to Paragraph 29, Defendant incorporates by reference herein its responses to Paragraphs 1 through 28, inclusive.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

33. Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute.

34. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act and to cite to portions of California Health & Safety Code § 19959, and Defendant denies that it violated these or any other statutes.

36. Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other federal statute. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 36, and, on that basis, denies them.

37. Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to recite portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 37, or to any relief at all.

38. Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to cite to portions of the Americans with Disabilities Act, and Defendant denies that it violated this or any other statute. Defendant further denies that Plaintiffs are entitled to the relief identified in Paragraph 38, or to any relief at all.

## PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Defendant denies the allegations contained therein, and denies that Plaintiffs are entitled to the declaratory relief, injunctive relief, or monetary damages sought in Plaintiffs' Complaint, or to any relief at all.

Except as specifically admitted herein, Defendant denies each and every remaining allegation in Plaintiffs' Complaint and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs lack standing and/or capacity to assert some or all of the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

3. Some or all of Plaintiffs' claims are barred because Defendant has at all times relied in good faith upon, and acted in conformity with, the implementing standards and guidelines of Title III of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiffs would violate due process under state and/or federal constitutions and public policy.

## FOURTH AFFIRMATIVE DEFENSE

4. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported claim for relief therein is barred.

## FIFTH AFFIRMATIVE DEFENSE

5. Some or all of Plaintiffs' claims are barred because the relief Plaintiffs request would, if granted, fundamentally alter the nature of the goods or services provided by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

6. Some or all of Plaintiffs' claims are barred because the relief Plaintiffs request would be an undue burden on Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7. Some or all of Plaintiffs' claims are barred because they are predicated on unconstitutionally vague and/or overbroad interpretations of regulations or laws; alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

## EIGHTH AFFIRMATIVE DEFENSE

8. There is no causal connection between any purported acts or omissions of Defendant and the damages alleged by Plaintiffs. In the alternative, Plaintiffs' alleged damages, if any, were proximately caused by the conduct of persons or entities other than Defendant and Plaintiffs' recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

## NINTH AFFIRMATIVE DEFENSE

9. Defendant is informed and believes and thereon alleges that any damages allegedly sustained by Plaintiffs were caused by the actions and/or omissions of someone other than Defendant over whom Defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

10. Some or all of Plaintiffs' claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Some or all of Plaintiffs' claims and damages, if any, are barred because Plaintiffs failed to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Some or all of Plaintiffs' claims are barred by the doctrines of justification or excuse.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs have failed to allege facts sufficient to entitle Plaintiffs to recover attorneys' fees or punitive damages against Defendant. Defendant's actions, with respect to the subject matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and constituted a privileged, lawful, proper, and justified means to further the sole purpose of Defendant to engage and

continue its business.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. To the extent, if any, Plaintiffs are entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in applicable federal and state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. If relief is granted, it should be granted prospectively only.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Some or all of the claims in the Complaint are moot because Defendant is and/or has been in compliance with the laws, statutes, and regulations identified in Plaintiffs' Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Some or all of Plaintiffs' claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Some or all of Plaintiffs' claims are barred because the relief Plaintiffs request: (a) is not required by law, (b) is unreasonable, (c) is not readily achievable, (d) is structurally infeasible, (e) would impose an undue burden and cause a hardship, and/or (f) may jeopardize the health and safety of customers.

Defendant reserves the right to add additional affirmative defenses as they become known during the course of this litigation.

WHEREFORE, Defendant requests that this Court:

1. Dismiss the Complaint with prejudice;

2. Award Defendant its costs of suit; and

3. Grant Defendant such other and further relief as may be appropriate.

Dated: December 18, 2007          **AKIN GUMP STRAUSS HAUER & FELD LLP**

By_____/s/_____
Laura M. Franze
Sara G. Noel

Attorneys for Defendant
AMC Multi-Cinema, Inc.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On December 18, 2007, I served the foregoing document(s) described as: DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT on the interested party(ies) below, using the following means:

Paul L. Rein, Julie A. Ostil, and Ann Winterman
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 18, 2007 at San Francisco, California.

HOLLY B. TOSCHI
[Print Name of Person Executing Proof]     [Signature]