AKIN GUMP STRAUSS HAUER & FELD LLP
LAURA M. FRANZE (SBN 250316)
lfranze@akingump.com
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
Telephone: 214-969-2800
Facsimile: 214-969-4343

AKIN GUMP STRAUSS HAUER & FELD LLP
SARA G. NOEL (SBN 226764)
sgnoel@akingump.com
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone: 415-765-9500
Facsimile: 415-765-9501

Attorneys for Cross-Defendant
AMC MULTI-CINEMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANA OVERBO and NICOLE BROWN-BOOKER,<br><br>Plaintiffs,<br><br>v.<br><br>LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX; WESTFIELD CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>WESTFIELD, LLC,<br><br>Cross-Claimant,<br><br>v.<br><br>LOEWS CALIFORNIA THEATRES, INC. dba AMC LOEWS METREON 16 IMAX,<br><br>Cross-Defendant. | Case No. C07-05368 WDB<br><br>**CROSS-DEFENDANT'S ANSWER TO AMENDED CROSS-CLAIM OF CROSS-CLAIMANT WESTFIELD, LLC**<br><br>Date Action Filed: Oct. 19, 2007<br><br>Magistrate Judge Wayne D. Brazil |

1
**CROSS-DEFENDANT'S ANSWER TO AMENDED CROSS-CLAIM OF CROSS-CLAIMANT WESTFIELD, LLC**

Cross-Defendant AMC Multi-Cinema, Inc. ("Cross-Defendant" or "AMC") (incorrectly sued as Loews California Theatres, Inc.), for itself alone and for no other cross-defendant, hereby answers the cross-complaint ("Cross-Complaint") filed by Defendant/Cross-Claimant Westfield, LLC ("Cross-Claimant") as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, AMC admits Cross-Claimant is pursuing claims for breach of lease, declaratory relief, contractual indemnity, and total equitable indemnity.

2. Paragraph 2 consists of legal conclusions to which no response is required. To the extent that a response is required, AMC admits that Cross-Claimant purports to base venue on the statute identified in Paragraph 2.

## THE PARTIES

3. AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 and, on that basis, denies them.

4. AMC denies the allegations contained in Paragraph 4.

5. AMC denies the allegations contained in Paragraph 5.

6. AMC denies the allegations contained in Paragraph 6.

7. AMC admits the allegations contained in Paragraph 7.

8. AMC denies the allegations contained in Paragraph 8.

## FIRST CLAIM FOR RELIEF
## BREACH OF LEASE

9. In response to Paragraph 9, AMC incorporates by reference herein its responses to Paragraphs 1 through 8, inclusive.

10. As to Paragraph 10, AMC admits that Loews entered into a lease with Cross-Claimant, denies the allegations in Paragraph 10 to the extent that they are inconsistent with the lease, and reserves all defenses.

11. As to Paragraph 11, AMC admits that Loews entered into a lease with Cross-Claimant, denies the allegations in Paragraph 11 to the extent that they are inconsistent with the lease, and reserves all defenses.

12. As to Paragraph 12, AMC admits that Loews entered into a lease with Cross-Claimant, denies the allegations in Paragraph 12 to the extent that they are inconsistent with the lease, and reserves all defenses.

13. AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 and, on that basis, denies them.

14. Paragraph 14 consists of conditional legal conclusions to which no response is required. To the extent a response is required, AMC denies the claims asserted by Plaintiffs and denies that it breached any duties under the Lease.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, AMC admits that Cross-Claimant purports to cite to portions of the Americans with Disabilities Act, 42 U.S.C. § 12101; California Civil Code §§ 51-54, California Health & Safety Code §§ 19955-19959, and Title 24 of the California Code of Regulations, but denies that it violated these or any other applicable statutes.

16. Paragraph 16 consists of conditional legal conclusions to which no response is required. To the extent a response is required, AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 16 and, on that basis, denies them.

## SECOND CLAIM FOR RELIEF

## DECLARATORY RELIEF

17. In response to Paragraph 17, AMC incorporates by reference herein its responses to Paragraphs 1 through 16, inclusive.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, AMC admits that Loews entered into a lease with Cross-Claimant, denies the allegations in Paragraph 18 to the extent that they are inconsistent with the lease, reserves all defenses, and states that it is unaware of an actual controversy between AMC and Cross-Claimant.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is required, AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19 and, on that basis, denies them.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20 and, on that basis, denies them.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 and, on that basis, denies them.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, AMC lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 22 and, on that basis, denies them.

## THIRD CLAIM FOR RELIEF
## CONTRACTUAL INDEMNITY

23. In response to Paragraph 23, AMC incorporates by reference herein its responses to Paragraphs 1 through 22, inclusive.

24. AMC denies the allegations in Paragraph 24.

25. Paragraph 25 consists of conditional legal conclusions to which no response is required. To the extent a response is required, AMC admits that Loews entered into a lease with Cross-Claimant, denies the allegations in Paragraph 25 to the extent that they are inconsistent with the lease, and reserves all defenses.

26. AMC denies the allegations in Paragraph 26.

## FOURTH CLAIM FOR RELIEF
## TOTAL EQUITABLE INDEMNITY

27. In response to Paragraph 27, AMC incorporates by reference herein its responses to Paragraphs 1 through 26, inclusive.

28. Paragraph 28 consists of conditional legal conclusions to which no response is required. To the extent a response is required, AMC denies the allegations in Paragraph 28.

## PRAYER FOR RELIEF

In response to Cross-Claimant's Prayer for Relief, AMC denies the allegations contained therein, and denies that Cross-Claimant is entitled to the relief sought in Cross-Claimant's Complaint, or to any relief at all.

Except as specifically admitted herein, AMC denies each and every remaining allegation in Cross-Claimant's Complaint and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

1. The Cross-Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. There is no causal connection between any purported acts or omissions of AMC and the damages alleged by Cross-Claimant. In the alternative, Cross-Claimant's alleged damages, if any, were proximately caused by the conduct of persons or entities other than AMC and Cross-Claimant's recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

## THIRD AFFIRMATIVE DEFENSE

3. AMC is informed and believes and thereon alleges that any damages allegedly sustained by Cross-Claimant were caused by the actions and/or omissions of someone other than AMC over whom Cross-Defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

4. Some or all of Cross-Claimant's claims are barred by the doctrines of waiver, estoppel, limitations, laches, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5. Some or all of Cross-Claimant's claims are barred by the doctrines of justification or excuse.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent, if any, Cross-Claimant is entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in applicable federal and state law.

## SEVENTH AFFIRMATIVE DEFENSE

7. Some or all of Cross-Claimant's claims are barred by reason of failure to perform its obligations under the contract, or other defenses arising under the contract.

Cross-Defendant reserves the right to add additional affirmative defenses as they become known during the course of this litigation.

WHEREFORE, Cross-Defendant requests that this Court:

1. Dismiss the Cross-Complaint with prejudice;
2. Award Cross-Defendant its costs of suit; and
3. Grant Cross-Defendant such other and further relief as may be appropriate.

Dated: December 19, 2007

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By /s/ Sara G. Noel
Sara G. Noel

Attorneys for Cross-Defendant
AMC Multi-Cinema, Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On December 19, 2007, I served the foregoing document(s) described as: CROSS-DEFENDANT'S ANSWER TO AMENDED CROSS-COMPLAINT OF CROSS-CLAIMANT WESTFIELD, LLC on the interested party(ies) below, using the following means:

Paul L. Rein, Julie A. Ostil, and Ann Winterman
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 19, 2007, at San Francisco, California.



HOLLY B. TOSCHI
[Print Name of Person Executing Proof]                                [Signature]