1  | Thomas J. Leanse (Cal. Bar No. 84638)
   | Thomas.Leanse@kattenlaw.com
2  | Helen M. Cho (Cal. Bar No. 248290)
   | Helen.Cho@kattenlaw.com
3  | **KATTEN MUCHIN ROSENMAN LLP**
   | 2029 Century Park East
4  | Suite 2600
   | Los Angeles, CA 90067-3012
5  | Telephone:  310.788.4400
   | Facsimile:  310.788.4471
6  |
   | Attorneys for Defendants
7  | WESTFIELD, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JANA OVERBO and NICOLE BROWN-BOOKER )

     Plaintiffs, )

    vs. )

LOEWS CALIFORNIA THEATRES, INC. )
dba AMC LOEWS METREON 16 IMAX; )
WESTFIELD CORPORATION; and DOES )
1-10, Inclusive )

    Defendants. )

_____ )

**CASE NO. 4:07-cv-05368 WDB**

**Assigned to Hon. Judge Wayne D. Brazil**

**DEFENDANT WESTFIELD, LLC'S NOTICE OF MOTION FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION**

Filed Concurrently With Defendant's Memorandum of Points and Authorities In Support of Motion For Order Declining Supplemental Jurisdiction

Date: March 19, 2008
Time: 1:30 p.m.

Complaint Filed: October 19, 2007
Trial Date:            TBD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on March 19, 2008 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 1301 Clay Street, Suite 400S, in Oakland, California, Defendant Westfield, LLC (formerly Westfield Corporation, Inc.), will and hereby does move the Court, pursuant to 28 U.S.C. § 1367(c), for an order

1   declining to exercise supplemental jurisdiction over the state law claims of Jana Overbo and

2   Nicole Brown-Booker ("Plaintiffs").

3       This Motion is and will be based on the grounds that retaining jurisdiction over state

4   law claims in ADA lawsuits is inappropriate because, among other reasons, Plaintiffs' claims

5   raise novel or complex issues of state law, and these state law claims substantially

6   predominate over the claims over which the district court has original jurisdiction.    The

7   Court may exercise its discretion to dismiss Plaintiffs' state law claims because Plaintiffs'

8   state law claims raise novel and complex issues regarding the interpretation of California's

9   Unruh Civil Right Act ("Unruh Act"), Disabled Persons Act ("DPA") and the respective

10  statutory penalties that raise the potential for conflicting state versus federal standards of

11  review.

12      This Motion will be based on this Notice of Motion and Memorandum of Points and

13  Authorities, and the pleadings and papers on file herein, and such further arguments and

14  papers as may be presented to the Court before or during the hearing.

16  Dated: February 12, 2008

    KATTEN MUCHIN ROSENMAN LLP
    Thomas J. Leanse
17    Helen M. Cho

19    /s/  Thomas J. Leanse
    Attorney for Defendant
20    WESTFIELD, LLC

1   Thomas J. Leanse (Cal. Bar No. 84638)
    Thomas.Leanse@kattenlaw.com
2   Helen M. Cho (Cal. Bar No. 248290)
    Helen.Cho@kattenlaw.com
3   **KATTEN MUCHIN ROSENMAN LLP**
    2029 Century Park East
4   Suite 2600
    Los Angeles, CA 90067-3012
5   Telephone: 310.788.4400
    Facsimile: 310.788.4471

6

7   Attorneys for Defendants
    WESTFIELD, LLC

8

              **UNITED STATES DISTRICT COURT**

9

           **NORTHERN DISTRICT OF CALIFORNIA**

10

11   JANA OVERBO and NICOLE BROWN-
    BOOKER                )   **CASE NO. 4:07-cv-05368 WDB**

12          Plaintiffs,     )   **Assigned to Hon. Judge Wayne D.**
                      )   **Brazil**

13       vs.              )
                      )   **DEFENDANT WESTFIELD, LLC'S**

14   LOEWS CALIFORNIA THEATRES, INC. )  **MEMORANDUM OF POINTS AND**
    dba AMC LOEWS METREON 16 IMAX; )  **AUTHORITIES IN SUPPORT OF**

15   WESTFIELD CORPORATION; and DOES )  **MOTION FOR ORDER DECLINING**
    1-10, Inclusive             )  **SUPPLEMENTAL JURISDICTION**

16          Defendants.     )  Filed Concurrently With Notice Of Motion
                      )

17                       )  Date: March 19, 2008

18                       )  Time: 1:30 p.m.
                      )

19                       )  Complaint Filed: October 19, 2007

20                       )  Trial Date:     TBD

21                       )

22   ——————————————— )

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................1

    A.  Summary of Argument ....................................................................................1

II.  FACTUAL BACKGROUND ....................................................................................2

III.  PURSUANT TO THE COURT'S DISCRETIONARY AUTHORITY, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' PREDOMINANT STATE LAW CLAIMS ....................................................................................................................3

    A.  Legal Standard ................................................................................................3

        i.  Federal Courts Are Courts Of Limited Jurisdiction And May Decline Exercising Supplemental Jurisdiction If The Claim Raises A Novel Or Complex Issue Of State Law; State Law Claim(s) Substantially Predominate Over Federal Claims; The District Court Has Dismissed All Claims Over Which It Has Original Jurisdiction; or There Is Some Compelling Reason To Decline Jurisdiction ....................................................................................4

    B.  Argument ..........................................................................................................5

        i.  Plaintiffs' Claims Under The Unruh Act And DPA Present Novel And Complex Issues Of Law Due To The Ambiguity Of The Language Regarding The Proper Measure Of Damages And The Apparent Discrepancy Between Damages Under State Law Claims And The Federal ADA Claim Such That This Court Should Decline To Exercise Supplemental Jurisdiction ..........................5

            a.  Plaintiffs' Burden Of Proof Required Under Federal Law Claims And State Law Claims Differ And This Difference Has Created A Discrepancy In Federal And State Courts' Interpretation Of These Claims Which Underscores That These Issues Raise Novel And Complex Questions Regarding State Law ..................................................................6

            b.  Federal And State Courts Have Been Unable To Agree On The Proper Interpretation Of Plaintiffs' State Law Claims; This Disjunction Illustrates That These Issues Are Novel And Complex And Therefore Best Left To A State Court's Review ..................................................................................7

        ii.  Because Plaintiffs' State Claims Predominate Over Its Federal Claims In Terms of Damages Sought, This Court Should Exercise Its Discretion To Decline Supplemental Jurisdiction ...............9

            a.  The State and Federal Requirements For Injunctive Relief Differ Such That Plaintiffs' Evidentiary Burdens Of Proof Would Differ For The State and Federal Claims

b.    Pursuant to <u>Gibbs</u>, Plaintiffs' State And Federal Claims Are Different In Terms Of Required Proof And Availability Of Jury Trial

iii.    The Principle of Comity and Other Compelling Reasons Make It Reasonable For This Court To Decline Supplemental Jurisdiction .......13

IV.    CONCLUSION ............................................................................................14

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

# TABLE OF AUTHORITIES

## Federal Cases

Acri v. Varian Assocs., Inc.,
    114 F. 3d 999 (9th Cir. 1997) ............................................................9

Aikins v. St. Helena Hosp.,
    843 F.Supp. 1329 (N.D. Cal. 1994) .............................................10

American Postal Workers Union v. Frank,
    968 F.2d 1373 (1st Cir. 1992) ......................................................10

Botosan v. Fitzhugh,
    13 F. Supp. 2d 1047 (S.D. Cal. 1998) ......................................1, 6

City of Chicago v. International College of Surgeons,
    522 U.S. 156 (1997) .........................................................................4

City of Los Angeles v. Lyons,
    461 U.S. 95 (1983) ......................................................................2, 10

Cross. v. Pacific Coast Plaza Investments, L.P.,
    Slip Copy, 2007 WL 951772 (S.D. Cal. 2007).....................4, 5, 8

Doran v. Embassy Suites Hotel,
    2002 WL 1968166 (N.D. Cal. Aug. 26 2002)..........................1, 6

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,
    528 U.S. 167 (2000) .......................................................................10

Gonzales v. National Board of Medical Examiners,
    225 F.3d 620 (6 Cir. 2000).............................................................12

Hobleman v. Kentucky Fried Chicken, KFC USA, Inc.,
    260 F.Supp.2d 801, 805 (D.Neb. 2003).......................................12

Kokkonen v. Guardian Life Ins. Co.,
    511 U.S. 375 (1994) .........................................................................4

Lentini v. California Center for the Arts,
    370 F.3d 837 (9th Cir. 2004) .................................................6, 7, 8

Mendoza v. Zirkle Fruit Co.,
    301 F.3d 1163 (9th Cir. 2002) ........................................................4

Molski v. Mandarin Touch Restaurant,
    347 F. Supp. 2d 860 (C.D. Cal. 2004)........................................4, 5

Molski v. Mandarin Touch Restaurant,
    359 F.Supp.2d 924 (C.D. Cal. 2005)..........................................4, 5

i

Organization for the Advancement of Minorities with Disabilities v. The Brick Oven Restaurant,
  406 F. Supp. 2d 1120 (S.D. Cal. 2005) ..................................................................5, 13

O'Shea v. Littleton,
  414 U.S. 488 (1974) ..................................................................................................10

Oliver v. GMRI, Inc.,
  Slip Copy, 2007 WL 4144995 (S.D. Cal. 2007)........................................................9

Owen Equipment & Erection Co. v. Kroger,
  437 U.S. 365 (1978) ....................................................................................................3

Peters v. CJK Associates, LLC,
  Slip Copy, 2003 WL 24205920 (E.D. Cal. 2003)........................................................4

Plumley v. Landmark Chevrolet, Inc.,
  122 F.3d 308 (5th Cir. 1997)......................................................................................10

Shotz v. Cates,
  256 F. 3d 1077 (11th Cir 2001) ..................................................................................10

Smith v. Lenches,
  263 F. 3d 972 (9th Cir. 2001) .......................................................................................4

Sparrow v. Mazda American Credit,
  385 F. Supp. 2d 1063 (E.D. Cal. 2005) .....................................................................3, 4

United Mine Workers v. Gibbs,
  383 U.S. 715 (1966) .................................................................................................9, 13

White v. Lee,
  227 F.3d 1214 (9th Cir. 2000) ......................................................................................3

Wilson v. Haria and Gogri Corp.,
  479 F.Supp.2d 1127 (E.D. Cal. 2007)...........................................................................8

**State Cases**

Gunther v. Lin,
  144 Cal.App.4th 223 (Cal. App. 2006) .........................................................................7

Estes v. Rowland,
  14 Cal.App.4th 508 (1st Dist. 1993) ........................................................................2, 11

Harris v. Capital Growth Investors XIV,
  52 Cal.3d 1142 (1991).................................................................................................6

C&K Engineering Contractors v. Amber Steel Co., Inc.
  23 Cal.3d 1 (1978).....................................................................................................12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

1

## Federal Statutes

2  28 U.S.C. § 1367 ................................................................................................3

3  28 U.S.C. § 1367(c) ..........................................................................................4, 9

4  42 U.S.C. § 12101 ..............................................................................................3

5  42 U.S.C. § 12182(b)(2)(A)(iv)...........................................................................6

6  Fed. R. Civ. P. 12(b)(1) ......................................................................................3

7

8

## State Statutes

9  Cal. Civ. Code § 51 ......................................................................................1, 3, 6

10  Cal. Civ. Code § 52..................................................................................3, 5, 11

11  Cal. Civ. Code § 51(f) ........................................................................................7

12  Cal. Civ. Code § 54 ff..........................................................................................3

13  Cal. Civ. Code § 54.3(a) ....................................................................................5

14  Cal. Civ. Code § 54.3(c) ....................................................................................6

15  California Health & Safety Code § 19955 ......................................................1, 3

16  California Health & Safety Code § 19955.5 ........................................................1

17  Title 24, California Code of Regulations ............................................................1

18

19

20

21

22

23

24

25

26

27

28

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3

    **A.    Summary of Argument**

4

       Defendants move this Court to decline exercising supplemental jurisdiction over the

5 state law claims raised by Jana Overbo and Nicole Brown-Booker's ("Plaintiffs") complaint

6 on record with the Court (the "Complaint").    Plaintiffs' Complaint asks this Court to

7 adjudicate a federal claim for injunctive relief and two state law claims for which the parties

8 are entitled to a jury, that also raise novel and complex issues regarding state law.    Arguably,

9 the evidence for federal and state claims relate to different time periods, to wit, the state law

10 claims for damages involve pre-filing issues whereas the ADA claim for injunctive relief

11 will focus on the conditions at the time of trial.    This Court may decline to exercise

12 supplemental jurisdiction over state law claims if any of the following apply:

13     (1)    The claim raises a novel or complex issue of state law: Plaintiffs' state law

14           claims under the Unruh Civil Rights Act ("Unruh Act") and Disabled Persons

15           Act ("DPA") raise novel and complex issues of state law regarding varying

16           burdens of proof and appropriate damages that other courts have previously

17           determined are complex and best left to state courts to address.    Significantly,

18           federal ADA and state statutory laws on these issues have disparate burdens of

19           proof – unlike the federal ADA claim that permits only injunctive relief, the

20           state claims permit disabled plaintiffs monetary recovery in addition to

21           injunctive relief – that creates confusion as to which damages are proper where

22           federal and state claims overlap.    See, <u>Botosan v. Fitzhugh</u>, 13 F. Supp. 2d

23           1047 (S.D. Cal. 1998), and <u>Doran v. Embassy Suites Hotel</u>, 2002 WL 1968166

24           (N.D. Cal. Aug. 26 2002);

25     (2)    The state law claim(s) substantially predominate over the federal claims:

26           Plaintiffs' state law claims substantially predominate over the sole federal

27           claim under Title III of the ADA because the state law claims permit statutory

28

1

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR
ORDER DECLINING SUPPLEMENTAL JURISDICTION CASE NO CV07-05962SVW

Katten
Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    monetary damages whereas the federal ADA claim permits injunctive relief

2    only.    Further, all but Plaintiffs' ADA claim are based on state laws.

3    Significantly, the standard for injunctive relief differs in federal and state

4    courts; specifically, in federal court injunctive relief is proper only if plaintiff

5    can show the alleged violations exist or there is a threat of future injury at the

6    time of trial whereas in state court, injunctive relief is proper so long as

7    plaintiffs can show a history of the alleged violations.    See, City of Los

8    Angeles v. Lyons, 461 U.S. 95 (1983) and Estes v. Rowland, 14 Cal.App.4th

9    508 (1st Dist. 1993);

10    (3)    The district court has dismissed all claims over which it has original

11    jurisdiction; or

12    (4)    If there is some other exceptional and compelling reason to decline

13    jurisdiction. 28 U.S.C. § 1367(c): The principles of comity and the substantial

14    interest in allowing state courts to determine the proper interpretation of state

15    law also support this Court in refraining from exercising supplemental

16    jurisdiction over Plaintiffs' state claims.

17    Given the foregoing, this Court is well within its discretion to decline exercising

18    supplemental jurisdiction over Plaintiffs' state law claims and Defendant asks this Court to

19    do so.

20    **II.    FACTUAL BACKGROUND**

21    This cases arises out of Plaintiffs' allegations of accessibility barriers in violation of

22    the ADA at the AMC Loews Metreon 16 IMAX theatre situated at 101 4th Street in San

23    Francisco, California (the "Property").    According to the Complaint, Plaintiffs are persons

24    with physical disabilities and require the use of wheelchairs to ambulate.[1]    Plaintiffs allege

25    that on several different occasions between January 2006 to May 2007, Plaintiffs attempted

26    to visit the Property separately and jointly but have encountered barriers to access that

27    _____

28    [1]    Complaint, ¶ 1.

2

1  prevented Plaintiffs from enjoying full and equal access to the Property.[2]  Based on these

2  purported barriers, Plaintiffs filed their complaint on October 19, 2007.    Specifically,

3  Plaintiffs allege three causes of action:

4      1) Denial of full and equal access to the Property in violation of the Disabled Persons

5          Act, Cal. Civ. Code § 54 ff, and the California Health & Safety Code §§ 19955, *et*

6          *seq.*;

7      2) Violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 and 52; and

8      3) Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

9  Plaintiffs are seeking statutory and treble damages under the first cause of action, statutory

10  damages under the second cause of action, and injunctive relief under the ADA.

## III.    PURSUANT TO THE COURT'S DISCRETIONARY AUTHORITY, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' PREDOMINANT STATE LAW CLAIMS

### A.    Legal Standard

"It is a fundamental precept that federal courts are courts of limited jurisdiction."

Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Pursuant to Fed. R.

Civ. P. 12(b)(1), a party may challenge the court's subject matter jurisdiction on the basis

that supplemental jurisdiction is improper according to 28 U.S.C. § 1367(c).  Sparrow v.

Mazda American Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).  A challenge to

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be either facial, confining the inquiry to

allegations in the complaint, or factual, permitting the court to look beyond the complaint.

White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  For facial inquiries, the court need look

no further than the allegations set forth in the complaint to determine whether to extend

supplemental jurisdiction.  Id.  Once a party challenges subject matter jurisdiction, the non-

moving party then bears the burden to establish that jurisdiction exists.  Kokkonen v.

Guardian Life Ins. Co., 511 U.S. 375, 378 (1994).

---

[2]    Complaint, ¶¶ 11-15.

Katten
KattenMuchinRosenmanllp
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

i.    **Federal Courts Are Courts Of Limited Jurisdiction And May Decline Exercising Supplemental Jurisdiction If The Claim Raises A Novel Or Complex Issue Of State Law; State Law Claim(s) Substantially Predominate Over Federal Claims; The District Court Has Dismissed All Claims Over Which It Has Original Jurisdiction; or There Is Some Compelling Reason To Decline Jurisdiction**

It is well settled that district courts may decline to exercise supplemental jurisdiction over state law claims if any one of the following applies:  (1) the claim raises a novel or complex issue of state law; (2) the state law claim(s) substantially predominate over the federal claims; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) if there is some other exceptional and compelling reason to decline jurisdiction.  28 U.S.C. § 1367(c); see, e.g., Sparrow, 385 F. Supp. 2d 1063 at 1070-71. Further, district courts have discretion to decline supplemental jurisdiction under § 1367(c) even when they have the power to exercise it.  Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002).  In deciding whether to exercise supplemental jurisdiction, the court should consider the interest of judicial economy, convenience, fairness and comity.  City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997); Smith v. Lenches, 263 F. 3d 972, 977 (9th Cir. 2001).

In the present matter, three of the four factors set forth above apply such that this Court should exercise its discretion to decline supplemental jurisdiction.  First, Plaintiffs' state law claims raise novel and complex issues of state law that other courts have noted are better left for state courts to interpret.  See, e.g., Cross. v. Pacific Coast Plaza Investments, L.P., Slip Copy, 2007 WL 951772 (S.D. Cal. 2007); Molski v. Mandarin Touch Restaurant, 359 F.Supp.2d 924 (C.D. Cal. 2005); Peters v. CJK Associates, LLC, Slip Copy, 2003 WL 24205920 (E.D. Cal. 2003).  Second, the state law claims predominate over the federal claims: two of Plaintiffs' three causes of action are state law claims and the damages under the state law claims substantially predominate the damages sought under the federal claims. Specifically, Plaintiffs' state law claims – alleged violation of the Unruh Act and DPA – would permit Plaintiffs to recover monetary compensation whereas the federal ADA claim

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

permits injunctive relief only (in addition to attorneys fees and costs). Third, compelling reasons such as the principles of comity, interest of discouraging forum shopping, and promotion of judicial economy are grounds for this Court to decline supplemental jurisdiction.

## B.    Argument

### i.    Plaintiffs' Claims Under The Unruh Act And DPA Present Novel And Complex Issues Of Law Due To The Ambiguity Of The Language Regarding The Proper Measure Of Damages And The Apparent Discrepancy Between Damages Under State Law Claims And The Federal ADA Claim Such That This Court Should Decline To Exercise Supplemental Jurisdiction

There is a long line of cases where courts have held it is proper to decline supplemental jurisdiction given the novel and complex issues raised by the Unruh Act and DPA claims. See, Molski, 359 F. Supp. 2d 924 (C.D. Cal. 2005); Brick Oven Restaurant, 406 F.Supp.2d 1120 (S.D. Cal. 2005); Morgan v. American Stores Co. LLC, Slip Copy, 2007 WL 1971945 (S.D. Cal. 2007); Cross, Slip Copy, 2007 WL 951772 (S.D. Cal. 2007); Peters v. CJK Associates, LLC, 2003 WL 24205920 (E.D. Cal. 2003)    [in each case, the court declined to exercise supplemental jurisdiction over plaintiffs' state law claims identical to the state law claims presented in the instant action]. One reason the state law claims are complex is the ambiguity in the language regarding the proper measure of damages. Molski, 359 F. Supp. 2d at 936; Brick Oven, 406 F. Supp. 2d 1120 (S.D. Cal. 2005) [both courts noted that the damages provisions in the Unruh Act and DPA are ambiguous]. Specifically, the Unruh Act provides damages for "each and every offense" whereas the DPA provides damages solely for "each offense." Cal Civ. Code §§ 52(a) and § 54.3(a).

Thus, when a Plaintiff claims relief under both the Unruh Act and DPA, the court must interpret which standard of damage measurement – either damages for "each and every offense" or "each offense" – is proper. The difference in this statutory language makes it difficult to determine what measure of damages are appropriate and this is a concern that district courts have found confusing. In fact, two district courts reached the exact opposite

1    conclusion when reading these provisions:  In Botosan v. Fitzhugh, 13 F. Supp. 2d 1047

2    (S.D. Cal. 1998) the court found that recovery of daily damages was proper; reading the

3    exact same provisions, the Northern District court disagreed with the Botosan court and held

4    that daily damages were not authorized by statute in Doran v. Embassy Suites Hotel, 2002

5    WL 1968166 (N.D. Cal. Aug. 26 2002).[3]

6          **a.    Plaintiffs' Burden Of Proof Required Under Federal Law**
             **Claims And State Law Claims Differ And This Difference**
7            **Has Created A Discrepancy In Federal And State Courts'**
             **Interpretation Of These Claims Which Underscores That**
8            **These Issues Raise Novel And Complex Questions Regarding**
             **State Law**
9

10       Even before the court can arrive at the specific damage provisions to determine a

11    proper award, there is yet another hurdle of legal complexity that further compels this Court

12    to decline supplemental jurisdiction:  The burden of proof a plaintiff bears under the federal

13    versus state claims are significantly different and this difference creates greater confusion as

14    to whether particular damages are proper for overlapping state and federal claims.  Pursuant

15    to the Ninth Circuit's interpretation of the ADA, plaintiffs do not need to establish

16    discriminatory intent to prevail on a Title III claim.  42 U.S.C. § 12182(b)(2)(A)(iv); see

17    Lentini v. California Center for the Art, 370 F.3d 837, 846-47 (9th Cir. 2004) [the court

18    noted, "no showing of intentional discrimination is required where the Unruh Act violation is

19    premised on an ADA violation"].  Moreover, Title III plaintiffs may seek only injunctive

20    relief.  In contrast, the Unruh Act specifically requires a showing of discriminatory intent,

21    and Unruh Act plaintiffs that are able to show a discriminatory intent are able to recover

22    statutorily determined monetary damages.  Cal. Civ. Code § 51; see Harris v. Capital Growth

23    Investors XIV, 52 Cal.3d 1142, 1175 (1991) [court held that "a plaintiff seeking to establish

24    a case under the Unruh Act must plead and prove intentional discrimination in public

25    accommodations in violation of the terms of the Act"].

26    
27    [3]    The court apparently must also choose which cause of action plaintiffs can recover under since recovery under the DPA and the Unruh Act are mutually exclusive. As stated in Cal. Civ. Code § 54.3(c), "A person may not be held liable for damages pursuant to both this section and Section 52 for the same act or failure to act."

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
310.788.4400 tel  310.788.4471 fax

1    These differing standards create a problem because under Cal. Civ. Code § 51(f), a

2    violation of the ADA also qualifies as a violation of the Unruh Act: Cal. Civ. Code § 51(f)

3    states, "[a] violation of the right of any individual under the Americans with Disabilities Act

4    of 1990 (Public Law 101-336) shall also constitute a violation of this section." Thus, a

5    plaintiff could assert a claim under the Unruh Act and effectively bypass the requirement to

6    show intentional discrimination by making a prima facie showing of an ADA violation that

7    does not require intentional discrimination. By doing so, plaintiffs can then seek monetary

8    damages under the state law though the same plaintiff would be limited to only injunctive

9    relief under the federal law. Therein lies the problem.

b.    **Federal And State Courts Have Been Unable To Agree On
The Proper Interpretation Of Plaintiffs' State Law Claims;
This Disjunction Illustrates That These Issues Are Novel And
Complex And Therefore Best Left To A State Court's Review**

13    Courts are no less troubled by this confusing overlap. In Lentini, the Ninth Circuit

14    held that "no intentional discrimination is required where the Unruh Act violation is

15    premised on an ADA violation[,]" disregarding the fact that the Unruh Act requires that

16    plaintiffs meet the evidentiary burden of establishing discriminatory intent. Thus, whereas

17    the Unruh Act normally requires a showing of discriminatory intent for a plaintiff to obtain

18    monetary damages, under Lentini, so long as the ADA violation serves as the basis for the

19    Unruh Act claim, plaintiffs can ostensibly evade the intent requirement. In Gunther v. Lin,

20    144 Cal.App.4th 223, 256 (Cal. App. 2006), the California appeals court disapproved of this

21    discrepancy and stated, "[W]e cannot consider ... Lentini to be [an] accurate statement[] of

22    our own state law and we respectfully decline to follow [it]."

23    Gunther thus threw yet another wrench in this confusing morass because it

24    underscores the fact that plaintiffs in federal rather than state courts may ostensibly have an

25    easier battle to fight, but the court of appeal's decision does not carry the authority to require

26    federal courts to reconsider how to evaluate ADA versus state law claims. Thus, under the

27    current dichotomy district courts must follow the Ninth Circuit's decision in Lentini wherein

28

7

1   plaintiffs could recover monetary damages even absent a showing of intentional
2   discrimination whereas state courts must follow state precedent which affirmatively requires
3   a showing of intentional discrimination.    Put simply, the case law on this issue is
4   complicated, inconsistent, and represents an issue that should be addressed and resolved by
5   state courts.

6        Following <u>Gunther</u>, another district court rejected the state court's holding.  <u>Wilson v.</u>
7   <u>Haria and Gogri Corp.</u>, 479 F.Supp.2d 1127, 1137 (E.D. Cal. 2007).    However, in its
8   disapproval of the court's final disposition in <u>Gunther</u>, the <u>Wilson</u> court nonetheless
9   conceded that the "state of the law is less than clear" regarding the proper interpretation of
10  the Unruh Act and the DPA.  Thus, the holding in <u>Wilson</u> provides no additional insight into
11  the proper interpretation and application of these statutes.    In fact, if anything, the court's
12  holding underscores the confusion because, "regardless of whether [<u>Gunther</u>] was correctly
13  or incorrectly decided ... it 'show[s] that federal and state interpretation of the Unruh Act
14  have diverged to such a degree that declining supplemental jurisdiction is appropriate[.]"
15  <u>Morgan</u>, Slip Copy 2007 WL 1971945 at *3 quoting <u>Cross</u>, 2007 WL 951772.

16       Other courts agree that the disparate holdings in <u>Gunther</u> and <u>Wilson</u> highlight rather
17  than resolve the problem:

18       "As the circumstances presently exist, this court is faced with
19       irreconcilable authorities based on the current status of state law.  On
         the one hand, the court is bound by *Lentini*[.] [...] On the other hand,
20       according to *Gunther*, *Lentini* is an incorrect interpretation of the Unruh
         Act in this regard. [...] This court cannot adhere to the teachings of both
21       *Lentini* and *Gunther*. [...] [C]omity interests have become more, not
22       less, compelling over time as the courts struggle to resolve what is at the
         moment an irreconcilable tension between the ADA and the Unruh Act.
23       In sum *Lentini* and *Gunther* show that federal and state interpretation of
24       the Unruh Act have diverged to such a degree that declining
         supplemental jurisdiction is appropriate[.]" <u>Cross</u>, 2007 WL 951772 at
25       *5.

26  Yet another court noted the potential inequity created by this discrepancy between state and
27  federal holdings:

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

"It is for the state courts, not federal courts, to determine the proper interpretation of the Unruh Act and its effects on plaintiff's state law claims. If this Court maintains jurisdiction over Plaintiff's state law claims, the Court will be bound by *Lentini*[.] However, if Plaintiff had filed this case in [the state court], that court would be bound by *Gunther* to deny relief unless Plaintiff showed intent." <u>Oliver v. GMRI, Inc.</u>, Slip Copy, 2007 WL 4144995 at *3 (S.D. Cal. 2007).

Given the current "irreconcilable tension" between state and federal courts' interpretation of this, it is well within this Court's discretion to deny supplemental jurisdiction as the questions presented raise complex issues of state law best left to state courts to resolve. As such, declination of supplemental jurisdiction would be proper.

    ii.    **Because Plaintiffs' State Claims Predominate Over Its Federal Claims In Terms of Damages Sought, This Court Should Exercise Its Discretion To Decline Supplemental Jurisdiction**

This court may also properly decline supplemental jurisdiction over Plaintiffs' state law claims because the state law claims, in particular the damages sought, predominate over Plaintiffs' federal claims. In <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966), the Supreme Court noted that state issues may substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought[.]" Though <u>Gibbs</u> predates 28 U.S.C. § 1367(c), the Ninth Circuit has held that the § 1367(c) inquiry should be informed by <u>Gibbs</u>. <u>See</u>, <u>Acri v. Varian Assocs., Inc.</u>, 114 F. 3d 999, 1001 (9th Cir. 1997). Using the criteria set forth in <u>Gibbs</u>, it is clear that Plaintiffs' state law claims substantially predominate over the federal claims.

    a.    **The State and Federal Requirements For Injunctive Relief Differ Such That Plaintiffs' Evidentiary Burdens Of Proof Would Differ For The State and Federal Claims**

Two out of the three causes of action plead by Plaintiffs are state law claims. As an initial matter, the requirements for Plaintiffs' request for injunctive relief differ under the federal and state standards. Under federal laws, Plaintiffs have standing to bring claims for injunctive relief only where there is a threat of future injury or harm. <u>City of Los Angeles v.</u>

9

1    Lyons, 461 U.S. 95, 111 (1983) ["an injunction ... is unavailable absent a showing of
2    irreparable injury, a requirement that cannot be met where there is no showing of any real or
3    immediate threat that the plaintiff will be wronged again –a "likelihood of substantial and
4    immediate irreparable injury."].    The issue of whether there is a threat of future harm
5    depends on the circumstances at the time of trial.    A plaintiff that cannot establish the
6    likelihood of future injury does not have standing to sue for injunctive relief.    Id.

7    In Lyons, the plaintiff sought an injunction to prevent Los Angeles police officers
8    from using control choke holds, except in situations in which an individual appeared to
9    threaten to use immediate deadly force. Id. at 98. The Supreme Court held that the plaintiff
10   lacked standing to sue for injunctive relief because he was could not demonstrate that he was
11   "likely to suffer future injury from the use of choke holds by police officers." Id. at 105. The
12   Court explained that in seeking injunctive relief, the mere fact that one has been injured in
13   the past is insufficient to satisfy the standing requirement.[4]    In Lyons, the Supreme Court
14   focused on the redressability element of standing, which requires the proposed injunctive
15   relief to be likely to redress the plaintiff's injury.    "[Lyons] is based on the obvious
16   proposition that a prospective remedy will provide no relief for an injury that is, and likely
17   will remain, entirely in the past."    Id.    Indeed, every court to consider the ADA's standing
18   requirements has held that a private litigant must prove standing by showing a risk of *future*
19   harm.[5] Thus, under the federal claim, Plaintiffs' evidentiary burden would be show that non-

20
21

22   [4]   Id. at 95-96. See also O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) ("past exposure to illegal
     conduct does not in itself show a present case or controversy regarding injunctive relief... if
23   unaccompanied by any continuing, present adverse effects"); Friends of the Earth, Inc. v. Laidlaw
     Envtl. Servs. (TOC), Inc., 528 U.S. 167 (2000) (citing Lyons approvingly); Am. Postal Workers
24   Union v. Frank, 968 F.2d 1373 (1st Cir. 1992) ("[Lyons] reaffirmed the principle that past exposure
     to harm will not, in and of itself, confer standing upon a litigant to obtain equitable relief absent a
25   sufficient likelihood that he will again be wronged in a similar." [internal quotation marks omitted]).
     [5]   See, e.g., Shotz v. Cates, 256 F. 3d 1077 (11th Cir 2001) (ruling that plaintiffs lacked standing where
26   they had only visited courthouse once in two-year span); Plumley v. Landmark
     Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997) (holding that ADA claim under Title III did not
27   survive plaintiff's death); Aikins v. St. Helena Hosp., 843 F.Supp. 1329, 1333-34 (N.D. Cal. 1994)
     (no standing because no showing that plaintiff would use hospital again or that it would discriminate
28   against plaintiff again).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

Katten
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

1   compliant conditions exist *at the time of trial* in order to show a need for prospective relief in

2   the form of an injunction.

3         On the other hand, a litigant seeking relief under the state laws need only show a

4   history of past harm that *may* reoccur:   As the court noted in Estes v. Rowland, 14

5   Cal.App.4th 508, 525 (1st Dist. 1993), "injunctive relief ... may be granted where past

6   practices have been stopped in anticipation of suit, and may be resumed if there is no

7   injunction to prevent it."  Moreover, the language of the Unruh Act and DPA permit the

8   award of statutory monetary damages for pre-filing violations.  Cal. Civ. Code §§ 52, 54.3.

9   Thus, under the state disability claims, Plaintiffs may allege facts relating to conditions at the

10  Property *prior* to commencing litigation in order to seek the statutory damages whereas the

11  inquiry for the federal ADA claim for injunctive relief addresses only whether there is a

12  threat of future harm.   Thus, under the state claims, Plaintiffs' could potentially prevail

13  simply by showing that conditions at the Property were non-compliant at any time prior to

14  filing this action.

15        Plaintiffs' evidentiary burden therefore differs for the state and federal claims.  The

16  result works an inequity in Plaintiffs' favor because (1) they would be permitted to bring

17  state disability claims that provide for monetary damages and effectively bypass the

18  requirements to show intentional discrimination (pursuant to state court interpretation of the

19  state disability laws) and then (2) can further bypass the requirement to show a threat of

20  future harm because the potentially available relief for the state disability claims focuses on

21  pre-filing issues rather than conditions at the time of trial.  Thus, the standards for relief are

22  inconsistent under federal and state standards.  Procedural considerations support this Court

23  in declining to exercise supplemental jurisdiction over Plaintiffs' state law claims.

24        Furthermore, the statutory damages potentially available to the Plaintiffs under the

25  state law claims substantially predominate over the relief available under the ADA.  Under

26  the per violation standard of the Unruh Act or the DPA, Plaintiffs could potentially recover a

27  minimum of $4,000 per violation (though again, it is unclear whether that means $4,000 per

28

11

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

1    day or $4,000 per ADA violation, or some other measurement). In contrast, Plaintiffs would

2    only be entitled to injunctive relief and attorneys' fees under the ADA. Given the

3    disproportionate results, it is clear that the remedies under the state claims substantially

4    predominate such that this Court should exercise its discretion to decline supplemental

5    jurisdiction.

          b.    **Pursuant to <u>Gibbs</u>, Plaintiffs' State And Federal Claims Are**
6                **Different In Terms Of Required Proof And Availability Of**
7                **Jury Trial**

8         Another procedural difference between Plaintiffs' state and federal claims is that

9    Plaintiffs seek a jury trial for their state claims whereas no jury trial is available for the

10   federal ADA claim. See, Hobleman v. Kentucky Fried Chicken, KFC USA, Inc., 260

11   F.Supp.2d 801, 805 (D.Neb. 2003) ("Title III of the ADA does not provide for monetary

12   damages or, concomitantly, a jury trial, when the action is brought by a 'person who is being

13   subjected to discrimination.'" Citing 42 U.S.C. § 12188(a)(2)). Traditionally, the right to a

14   jury trial for a civil action is limited to actions "at law" and not for proceedings "in equity."

15   See, C&K Engineering Contractors v. Amber Steel Co., Inc. 23 Cal.3d 1, 8 (1978). Actions

16   "at law" include claims for monetary damages; therefore, Plaintiffs' state disability claims

17   seeking statutory damages qualifies as an action "at law" for which Plaintiffs seek a jury

18   trial. In contrast, Plaintiffs' federal ADA claim is limited to injunctive relief only and

19   therefore falls under the category of a proceeding "in equity" for which a jury trial is

20   unavailable. Case law also supports this position that an action under Title III of the ADA

21   does not permit a jury trial. See, Hobleman, supra, and Gonzales v. National Board of

22   Medical Examiners, 225 F.3d 620, 635 (6 Cir. 2000) (Gilman, J., dissenting) (stating that it

23   "appears doubtful" that Title III plaintiffs are entitled to jury trial as Title III permits only

24   injunctive relief).

25        If this Court were to adjudicate just the ADA claim, this matter would consist of a

26   simple bench trial that would look at whether accessibility issues existed at the time of trial

27   such as to warrant the request for injunctive relief. This would be a fairly simple,

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ORDER
DECLINING SUPPLEMENTAL JURISDICTION CASE NO C07-05368WDB

1   uncomplicated inquiry. On the other hand, a jury trial for Plaintiffs' state claims would be
2   more complicated, timely, and costly for Defendants and this Court. This procedural
3   consideration also supports this Court from exercising supplemental jurisdiction over
4   Plaintiffs' state claims.

5        Other courts have concluded that in cases involving the same issues before this Court,
6   the state law claims "substantially predominate" over the remedy sought under the federal
7   claims. See, Molski, 359 F. Supp. 2d at 937; Brick Oven, 406 F. Supp. 2d at 1131 (citing
8   Gibbs at 726 quoted above). Given the substantial disparity in the procedural considerations
9   and remedies available to Plaintiffs, it is well within this court's discretion to refrain from
10  exercising supplemental jurisdiction over Plaintiffs' state law claims.

11              iii.    **The Principle of Comity and Other Compelling Reasons Make It
12                      Reasonable For This Court To Decline Supplemental Jurisdiction**

13       The principle of comity also supports this court from exercising supplemental
14  jurisdiction over Plaintiffs' state law claims. There is a strong interest in allowing state
15  courts to assess and determine the proper interpretation of the complex state laws at issue.
16  This is particularly true given the disjunction between federal and state court interpretation
17  of the damages provisions of the state laws, so it is imperative that district courts allow state
18  courts to determine how best to interpret the language of the state laws. As the court in
19  Gibbs observed, "needless decisions of state law should be avoided both as a matter of
20  comity and to promote justice between the parties, by procuring for them a surer-footed
21  reading of applicable law." Gibbs, 383 U.S. at 726. Therefore, California courts should be
22  given the opportunity to interpret the language in the state statutory law in order to ensure
23  that the parties in the present matter are provided "surer-footed" interpretation of California
24  disability laws.

25       Another compelling reason for this court to decline exercising supplemental
26  jurisdiction is the interest of judicial economy. Whereas the Plaintiffs may contend that it
27  would be judicially uneconomical to require filing a new state claim, this would be the most

28

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

1   efficient use of the courts because it would allow the district court to determine the ADA

2   issue without having to address the complicated and ambiguous state law issues. Requiring

3   Plaintiffs to separately file their state claims does not negatively impact Plaintiffs because

4   this case is only in its pre-discovery stage so filing a separate state claim would not work an

5   injustice against Plaintiffs. Indeed, Plaintiffs would be free to pursue her claims, including

6   all monetary and injunctive relief, in state court. Moreover, because Plaintiffs' evidence for

7   the ADA claims and state law claims require different evidence, requiring Plaintiffs to file a

8   separate state claim would not severely inconvenience or impact Plaintiffs ability to try their

9   case. Most importantly, however, the California courts are the proper forum to determine the

10  proper interpretation of the Unruh Act and DPA.

11  **IV.    CONCLUSION**

12         Substantial and compelling reasons support this Court to decline exercising

13  supplemental jurisdiction over Plaintiffs' state law claims given the disparity of evidentiary

14  and procedural considerations between the state and federal claims in addition to the fact that

15  Plaintiffs' state claims present novel and complex issues best left for a state court to decide:

| State Claims | Federal Claim |
|---|---|
| Injunctive relief permitted even if there is no immediate threat of future harm or injury so long as Plaintiffs can show past harm that may reoccur. This requires evidence that barriers to access existed prior to the commencement of this action. | Injunctive relief proper only if there is a real threat of future harm – no injunctive relief for injury in the past. This requires evidence that barriers to access existed at the time of trial only. |
| Jury trial permitted. | No jury trial available. |
| Unruh Act and DPA claims raise novel and complex issues best left for state courts to adjudicate. | ADA claim raises a simple issue that looks only at whether the barriers to access exist at the time of trial. |
| State claims require evidence of pre-filing violations and adjudication of the matter would take greater time in | Federal claim would not require extensive discovery and would not over-tax this Court's resources given |

14

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

| | |
|---|---|
| light of the litigation procedure (e.g., depositions, discovery) which would tie up this Court's resources unnecessarily to decide matters predominantly involving state issues. | the limited inquiry. |
| The Unruh Act and DPA require a showing of intentional discrimination. | The ADA does not require Plaintiffs to address the issue of intent; thus, by allowing Plaintiffs' state claims to be adjudicated by a federal court, Plaintiffs could effectively and unfairly avoid the additional requirement to show intent per the disparate holdings in *Lentini* and *Gunther*, supra. |

In addition to the foregoing, Plaintiffs would suffer no prejudice if required to re-file the state actions in state court because this case is only it the pre-discovery phase. Accordingly, this court should decline to exercise jurisdiction over Plaintiffs' state law claims.

Respectfully submitted,

Dated: February 12, 2008

KATTEN MUCHIN ROSENMAN LLP
Thomas J. Leanse
Helen M. Cho

/s/ Thomas J. Leanse
Attorney for Defendant
WESTFIELD, LLC

15